On appellant's petition for reconsideration filed June 9; respondent's response to petition for reconsideration filed July 21; and appellant's reply to respondent's response to petition for reconsideration filed July 24, reconsideration allowed; former disposition withdrawn; former opinion (228 Or App 689, 209 P3d 405) modified; reversed September 2, 2009

In the Matter of
the Suspension of the Driving Privileges of

Ryan Eric HAYS,
*Petitioner-Appellant,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent-Respondent.*

Malheur County Circuit Court
07015571M; A135543

216 P3d 902

John Henry Hingson III for petition.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Rolf C. Moan, Assistant Attorney General, for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Petitioner seeks reconsideration of the disposition in *Hays v. DMV*, 228 Or App 689, 209 P3d 405 (2009). In that case, he appealed the suspension of his driver's license, arguing that the suspension was based on a breath test that was unlawfully obtained because the police officer who administered the test exceeded his authority by threatening to obtain a blood or urine sample if petitioner refused. We agreed that the test was unlawfully obtained and held that, if the unauthorized threat in fact induced petitioner's consent to the breath test, the results could not be used against him. Because the administrative law judge (ALJ) made no findings of fact as to whether the threat induced petitioner's consent, however, we reversed and remanded for reconsideration. *Id.* at 699. In his petition for reconsideration, petitioner argues that, when an administratively imposed penalty is based on a legally unauthorized procedure, the penalty is invalid as a matter of law. In response, the Driver and Motor Vehicle Services Division (DMV) concedes that point. We accept DMV's concession, and we therefore allow the petition for reconsideration and modify our former opinion accordingly.

We briefly recite the facts and relevant procedural history. Following his arrest for driving while under the influence of intoxicants (DUII), ORS 813.010, petitioner refused to consent to a breath test or to blood or urine tests. Deputy Romans informed petitioner that he would get a warrant for petitioner's blood and urine. Petitioner then responded, "I will give a breath test." DMV suspended petitioner's driving privileges based on his breath test results. ORS 813.410(1). Following an administrative hearing, the ALJ issued a final order suspending petitioner's license for one year. ORS 813.420(4); ORS 813.430(2). The circuit court affirmed the ALJ's final order.

On appeal, petitioner argued, first, that ORS 813.100(2) prohibits a police officer from administering a breath test after a driver has once refused to take the test, even if the driver, in response to the officer's renewed request, subsequently reconsiders and agrees. Concluding that our opinion in *State v. Kirsch*, 215 Or App 67, 168 P3d

318 (2007), controlled on that issue, we rejected petitioner's first argument. *Hays*, 228 Or App at 692-95. Second, petitioner argued that his decision to take the breath test was impermissibly coerced because it was given in response to the deputy's threat to obtain a warrant for his blood and urine, something that the deputy was not legally authorized to do. We agreed that the deputy's threat was unlawful because "it violates the 'legal standard expressed or implied' by ORS 813.130 and ORS 813.131, *Planned Parenthood Assn. [v. Dept. of Human Res.]*, 297 Or [562, 565, 687 P2d 785 (1984)], and any consent thereby induced is not lawfully obtained." *Hays*, 228 Or App at 699. However, because the ALJ made no findings of fact as to whether the threat actually caused petitioner to consent to the breath test, we reversed and remanded with instructions for the circuit court to remand to DMV for reconsideration. *Id.*

Petitioner now argues that, when an administratively imposed penalty is based on a legally unauthorized procedure, the penalty is invalid as a matter of law. DMV responds that our conclusion regarding the unlawful nature of the deputy's actions is incorrect, arguing, as it did on appeal, that the deputy complied with all of the statutory prerequisites for license suspension and that "[w]hether [the deputy] then provided *additional* information to petitioner should not affect that conclusion." (Emphasis in original.) DMV concedes, however, that "if—as this court has held—[the deputy's] unlawful threat violated [statutory proce dures], the suspension order necessarily must be set aside; in other words, petitioner need not demonstrate that the unlawful threat 'caused' his consent." We now reaffirm our conclusion that the deputy's actions were unlawful, but we accept DMV's concession regarding the need to establish causation. The deputy threatened "to perform an act that the law does *not* permit [an] officer to perform," and therefore "the threat itself exceeds the officer's authority; it violates the 'legal standard expressed or implied' by ORS 813.130 and ORS 813.131." *Hays*, 228 Or App at 699 (quoting *Planned Parenthood Assn.*, 297 Or at 565) (emphasis in original). Petitioner need not prove that the unlawful threat induced his consent to the breath test.

We base that conclusion on two factors. First, ORS 813.410(5)(e) provides that a license suspension "is valid" if—

among other things—the driver failed a breath test after being "informed under ORS 813.100 of rights and consequences as described under ORS 813.130." Although that statement ("if the driver is informed according to the statute, the breath test failure requires suspension") does not necessarily, as a matter of pure logic, imply its converse ("if the driver is *not* informed according to the statute, the failure does *not* lead to suspension"), the latter statement is strongly implied nonetheless. Second, in *Moore v. Motor Vehicles Division*, 293 Or 715, 724, 652 P2d 794 (1982), the Supreme Court (in *dictum*) stated, "An administratively imposed penalty based on [a legally unauthorized] procedure would be invalid." In light of the foregoing, we allow the petition for reconsideration and now hold that the suspension of petitioner's driver's license is reversed.

Reconsideration allowed; former disposition withdrawn; former opinion modified; reversed.