Argued and submitted March 25, reversed and remanded September 9, 2009

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

SPENCER MICHAEL FREYTAG,
*Defendant-Respondent.*

Lincoln County Circuit Court
071500; A137201

217 P3d 233

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

In this criminal case, the state appeals a pretrial order granting defendant's motion to suppress the result of the breath test that he took following his arrest for driving under the influence of intoxicants (DUII). ORS 813.010; *see* ORS 138.060(1)(c) (state may appeal pretrial order suppressing evidence). The trial court ruled that, by allowing defendant the opportunity to contact an attorney but denying him the opportunity to contact anybody else, the police had violated his liberty interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. On appeal, the state argues that an arrested driver has a constitutional right to communicate only with an attorney and that, even if the right extends to communication with nonattorneys, the remedy should not be suppression of the breath test evidence. For the reasons that follow, we conclude that, even if defendant had a right to an opportunity to contact a nonattorney before deciding whether to submit to a breath test—an issue that we do not decide—the result of the test was nonetheless admissible because defendant failed to establish a minimal factual nexus between the denial of that alleged right and the decision to take the breath test. We therefore reverse and remand.

We recite the facts as stipulated by the parties and found by the court, and we review the court's determination that the facts require suppression for legal error. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Lincoln City police officers arrested defendant for DUII late one evening. At the police station, in response to Officer Litten's request that he submit to a breath test, defendant stated that "he really should call his boss" or insurance agent. Litten replied that, under Oregon law, he was not required to allow defendant to contact a nonattorney. Litten asked if defendant's boss was an attorney, and defendant replied that he was not. Defendant then said that, in fact, he *did* want to call an attorney. Litten gave defendant a phone and a phone book and left him alone in a room for 20 minutes. When Litten returned, defendant told him that he could not reach an attorney and asked if he could dial 4-1-1, apparently because no attorney's office listed in the phone book was open. Litten replied that

defendant could call 4-1-1 to try to find an attorney. Defendant tried but failed. Litten then told him that no attorney's office would be open at that hour of the night. At that point, defendant agreed to take the breath test.

Defendant moved to suppress the result of that test. The parties agreed that Litten's actions did not violate defendant's right to consult with counsel. Instead, defendant argued that his right to communicate with the outside world "is not restricted to communication with an attorney only," but, rather, extends to communication "with anyone" and that, because he was not granted an opportunity to contact his boss or insurance agent, the results of the breath test should be suppressed. The state, in response, argued that defendant had no constitutional right to communicate with a nonattorney.

The trial court agreed with defendant, concluding as follows:

> "Advice from a person who knows the Defendant is probably as good, if not better, than from an attorney who may not know the accused.
>
> "In this case, the parties agree that Defendant was denied access to outside contact when he requested to call his 'boss or insurance agent.' The court is of the opinion that all of the cited cases are pointing to a right of a person arrested for driving under the influence of intoxicants to have a meaningful opportunity to seek outside advice before making a decision on whether to take the breath test. The court finds it is a right to seek advice, and not limited to legal advice, which is what the court is pointing to as a fundamental right."

For the reasons that follow, we conclude that, even if Litten violated defendant's rights, on this record, suppression is not the appropriate remedy.

We begin by addressing the difference between an arrested driver's right to counsel under Article I, section 11, of the Oregon Constitution[1] and an arrested driver's liberty

---

[1] Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

interest under the Due Process Clause of the Fourteenth Amendment.[2] In criminal proceedings, Article I, section 11, protects an arrested driver's right, upon request, to a reasonable opportunity to obtain legal advice, in private, before deciding whether to submit to a breath test. *State v. Durbin*, 335 Or 183, 190-91, 63 P3d 576 (2003); *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988). "Article I, section 11, creates an affirmative entitlement that the state must protect * * *. The state, therefore, bears the burden of showing that it fulfilled its obligation to protect that entitlement." *Brown v. DMV*, 219 Or App 607, 613-14, 185 P3d 459, *rev den*, 345 Or 175 (2008).

Because Article I, section 11, applies only to criminal proceedings, *Gildroy v. MVD*, 315 Or 617, 621, 848 P2d 96 (1993), rights to communicate in administrative proceedings are protected by the Due Process Clause of the Fourteenth Amendment. Opinions from the Supreme Court and this court appear to presume that the Fourteenth Amendment right to communicate includes the right to communicate, not only with an attorney, but with others as well. In *State v. Newton*, 291 Or 788, 807, 636 P2d 393 (1981), *overruled by Spencer*, 305 Or 59, 750 P2d 147 (1988), a plurality of the Supreme Court held that the Fourteenth Amendment protects an arrested driver's liberty interest in communication not only with counsel, but also with the outside world. The opinion referred to the "[f]reedom of an arrested person to communicate" and "liberty to communicate as he chose." *Newton*, 291 Or at 807. The plurality opinion on that issue was restated in *Moore v. Motor Vehicles Division*, 293 Or 715, 719, 652 P2d 794 (1982), in which the court described *Newton* as "holding that an arrested person is entitled to communicate with counsel *or others*." (Emphasis added.) *Newton*, however, was overruled in *Spencer*, albeit on grounds not implicating the Fourteenth Amendment. And in *Brown*, 219 Or App at 612-13, we wrote, "[I]f an arrested driver asks to speak with someone (including but not limited to counsel)," the driver must be afforded the opportunity to do so.

---

[2] The Due Process Clause provides, in part:

"No State shall * * * deprive any person of life, liberty, or property, without due process of law."

However, neither *Newton, Moore, Spencer,* nor *Brown* actually addressed the question presented by defendant in this case. In those cases, the issue that the court actually decided dealt only with the right to communicate with counsel, and the comments regarding communication with nonattorneys are *dicta*. Nor has any subsequent case addressed the question presented by this case. The question remains unresolved.

■ And in this case we need not and do not resolve it. That is so because, even if the right to communicate with a nonattorney exists and the police violated it, that violation does not require suppression. In a civil proceeding for revocation of a driver's license, the revocation is invalid if the breath test is not properly administered, regardless of causation. *Moore*, 293 Or at 723-24; *Hays v. DMV*, 230 Or App 559, 562, 216 P3d 902 (2009). No analogous rule exists, however, for a violation of an arrested driver's liberty interest *vel non* in communication with a nonattorney, in the context of a criminal prosecution. Instead, we must determine whether defendant's consent to the breath test was the product of that claimed violation, rendering evidence discovered as a result of the breath test inadmissible.

■■ In making that determination, "the critical inquiry is whether the state obtained the evidence sought to be suppressed as a result of a violation of the defendant's rights" under the relevant constitutional provision. *State v. Hall*, 339 Or 7, 24, 115 P3d 908 (2005). The Supreme Court has described the framework for that analysis as follows: "After a defendant shows a minimal factual nexus between unlawful police conduct and the defendant's consent, then the state has the burden to prove that the defendant's consent was independent of, or only tenuously related to, the unlawful police conduct." *Id.* at 34-35. A minimal factual nexus exists if there is a "but for" relationship between the unlawful police conduct and the defendant's consent. *Id.* at 25.

In the present case, defendant failed to show a minimal factual nexus between the allegedly unlawful police conduct and his consent to the breath test. In his memorandum in support of the motion to suppress, defendant argued that he was concerned about losing his job and therefore "was

likely concerned about talking with his boss about the consequences of his arrest and the breath test arrest." Defendant offered no argument, however, that, but for his inability to call his boss or insurance agent, he would have made a different decision about taking the breath test; nor did he make an offer of proof on the record about what he would have discussed in that phone call.[3] On this record, therefore, we cannot conclude that "the state obtained the evidence sought to be suppressed as [an alleged] result of a violation of * * * defendant's rights," *Hall*, 339 Or at 24, and we therefore reverse the trial court's order suppressing the breath test evidence.

Reversed and remanded.

---

[3] Moreover, nonattorneys are not authorized to provide legal advice about whether to submit to a breath test. *See* ORS 9.160 (prohibiting the unauthorized practice of law). Although defendant may have had other reasons to contact his boss—for example, to secure "release, advice, reassurance * * *, or professional assistance," *Newton*, 291 Or at 807 (plurality opinion)—we cannot assume that such a conversation would have involved legal advice related to the breath test.