Argued and submitted September 7, 2010, affirmed August 31, 2011

Matthew MAROLLA,
*Petitioner,*

*v.*

DEPARTMENT OF PUBLIC SAFETY
STANDARDS AND TRAINING,
*Respondent.*

Department of Public Safety Standards and Training
43858; A141119

263 P3d 1034

Kevin T. Lafky argued the cause for petitioner. With him on the briefs was Leslie D. Gomez.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner seeks review of a final order issued by the Department of Public Safety Standards and Training (DPSST) that revoked petitioner's certification to work as a police officer. This case turns on whether DPSST's administrative rule that requires revocation of certification when an officer is found to have been discharged for cause is consistent with ORS 181.662(4). We conclude that it is and affirm.

The following facts are undisputed unless otherwise noted. The Salem Police Department (SPD) hired petitioner as a police officer; several months later, petitioner received his basic police certification from DPSST. Petitioner was involved in several on-the-job motor vehicle accidents while employed by SPD. After a particular accident in March 2006, SPD disciplined petitioner for violating an SPD directive and suspended him for one week. After a separate incident several months later in which SPD charged petitioner with conducting a substandard investigation, SPD terminated petitioner's employment.

After SPD terminated petitioner, DPSST issued to petitioner a notice of intent to revoke his police officer certification under ORS 181.662(4) and OAR 259-008-0070(2)(a)(A) (7/6/06)[1] on the ground that SPD had terminated petitioner "for cause." Petitioner requested a contested case hearing before the Office of Administrative Hearings (OAH) to challenge the revocation. During the administrative proceedings, DPSST moved for a summary determination that petitioner had been discharged "for cause" for conduct constituting gross negligence and insubordination. In its motion, DPSST alleged a number of incidents that it maintained constituted gross negligence and insubordination. The administrative law judge (ALJ) issued a partial summary determination concluding that, although most of the conduct alleged by DPSST constituted genuine issues of material fact, there was no genuine issue of material fact that petitioner engaged in insubordination in the March 2006 incident.

---

[1] OAR 259-008-0070 has since been amended, but the rule retains the requirement that DPSST revoke a police officer's certification if the officer is discharged for cause. *See* OAR 259-008-0070(3)(a)(A) (1/1/09). References to OAR 259-008-0070 in this opinion are to the version of the rule effective July 6, 2006.

Therefore, the ALJ concluded, based on the March 2006 incident, that SPD had discharged petitioner "for cause" and that summary determination on that issue was appropriate.

Nevertheless, the ALJ noted a potential conflict between ORS 181.662(4) and OAR 259-008-0070(2)(a)(A). ORS 181.662(4) states that DPSST "shall deny, suspend or revoke the certification of any public safety officer * * * based upon a finding that the public safety officer * * * has been discharged for cause from employment as a public safety officer." OAR 259-008-0070(2)(a)(A) provides that DPSST "must deny or revoke the certification of any police officer" based on a finding that the officer has been discharged for cause from employment as a police officer. Accordingly, although the statute contemplates either suspension or revocation of an existing certification as alternative sanctions when a public safety officer is discharged for cause, the rule mandates revocation in such circumstances. DPSST and petitioner sought leave to file written briefs to address the validity of OAR 259-008-0070(2)(a)(A) in light of the potential conflict.

After the supplemental briefing, the ALJ[2] decided that DPSST had the authority to implement an administrative rule that required revocation when a police officer is discharged for cause and, accordingly, that the rule was not inconsistent with ORS 181.662(4). The ALJ's ruling included a proposed order. Petitioner filed exceptions to the proposed order limited to the issue of the rule's consistency with ORS 181.662(4). DPSST ultimately issued a final order revoking petitioner's certification, and petitioner sought judicial review of that order.

We write only to address petitioner's third assignment of error, and reject the others without discussion. In that assignment, petitioner contends that ORS 181.662(4) mandates that DPSST consider on a case-by-case basis the option of suspension as well as revocation of a certificate when an officer is discharged for cause. According to petitioner, DPSST impermissibly narrowed the available disciplinary options by implementing the requirement in OAR

---

[2] OAH reassigned the case after the initial order granting partial summary determination to another ALJ. The second ALJ issued the ruling and order addressing the potential conflict between the statute and rule.

259-008-0070(2)(a)(A) that any discharge for cause must result in revocation of the officer's certification, and the agency must adopt a rule that allows the agency to consider the option of suspending an officer's certification in such cases.

Administrative agencies may adopt rules only pursuant to statutory authority granted by the legislature. ORS 183.400(4)(b). An administrative rule so adopted must be consistent with the legislative directive; it exceeds the agency's statutory authority if it "depart[s] from a legal standard expressed or implied in the particular law being administered, or [if it] contravene[s] some other applicable statute." *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984).[3]

The question we must answer, therefore, is whether OAR 259-008-0070(2)(a)(A) departs from the legal standard set forth in ORS 181.662(4). Ultimately, that is a question of legislative intent: Did the legislature intend to require DPSST—when faced with disciplining a police officer for cause—to choose between suspension and revocation in each case, or did the legislature intend to grant DPSST the general authority to suspend rather than revoke a certification, but ultimately to leave it up to DPSST to make that policy choice? Put another way, did the legislature intend to foreclose what DPSST has done in this case—that is, to mandate revocation any time a police officer is found to have been discharged for cause?

Our task presents an issue of statutory construction, which requires us to examine the text of ORS 181.662(4) in context, along with any relevant legislative history, and, if necessary, applicable canons of construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). ORS 181.662(4) states that DPSST "shall deny, suspend or revoke" a police officer's certification when DPSST finds the officer was discharged for cause from employment as a police officer. Petitioner argues that the plain language of the statute requires

---

[3] Administrative rules are also invalid if they violate constitutional provisions or were adopted without complying with rulemaking procedures. ORS 183.400(4)(a), (c). Petitioner, however, raises neither of those contentions in this case.

DPSST to choose in each case between suspending and revoking an officer's certification, and that OAR 259-008-0070 impermissibly conflicts with that legislative directive. Petitioner also relies on *Cook v. Workers' Compensation Department*, 306 Or 134, 758 P2d 854 (1988), for the proposition that an administrative rule cannot narrow the scope of the enabling statute. DPSST reads the text of ORS 181.662(4) to contain a legislative grant of the discretion to choose between suspension and revocation, and it contends that the statute allows the agency to limit its own discretion through the adoption of a rule requiring revocation; DPSST also points to the legislative history of a 2005 amendment to the statute.

Ultimately, we conclude that petitioner's interpretation of the statute does not hold up to an examination of the text, context, and legislative history. Therefore, OAR 259-008-0070(2)(a)(A) does not exceed DPSST's statutory authority.

The text of ORS 181.662(4) indisputably grants DPSST the option of suspending or revoking a certification when the officer is found to have been discharged for cause, and DPSST chose the option of revocation in all cases by rule. Nothing in the text of the statute compels DPSST to consider suspension in every case; indeed, when the legislature intends to require an entity to consider between multiple options or factors, the legislature knows how to do so. *See, e.g.*, ORS 496.162(4) (outlining the factors that the State Fish and Wildlife Commission "shall consider" before setting the number of elk and deer to be taken in a hunting season); ORS 166.076(3)(b) (providing that a court "shall consider" ordering restitution when a defendant is guilty of defacing a memorial to the dead).

Further, the legislature amended ORS 181.662(4) in 2005 to add the option of only suspending an officer's certification. Or Laws 2005, ch 524, § 2. Before that change, the statute provided only for denial or revocation. The legislative history of that amendment supports our reading of the statute's text. During the public hearing on the relevant bill, John Minnis, then the acting Director of DPSST, testified to

the effect that DPSST was seeking authority to consider suspension as a disciplinary option under ORS 181.662(4) and that DPSST would make that determination at a later date.[4] Tape Recording, House Committee on Judiciary, Subcommittee on Criminal Law, SB 63, June 7, 2005, Tape 73, Side B (statement of John Minnis). Nothing in the legislative history contradicts Minnis's stated reason for the amendment; thus, nothing indicates that the change in the statute was intended to implement a mandatory requirement that DPSST consider suspension on a case-by-case basis.

Finally, *Cook*, 306 Or 134, does not assist petitioner. There, the Supreme Court concluded that the statutory definition of "doctor or physician" in the Workers' Compensation laws included nurse practitioners, and, to the extent that an administrative rule precluded nurse practitioners from being designated as such, it was inconsistent with the legislative policy underlying the statute. It followed that the administrative agency impermissibly limited nurse practitioners from seeking reimbursement for services that the statute intended them to be eligible for. *Id.* at 144. The interplay between ORS 181.662(4) and OAR 259-008-0070(2)(a)(A) is dissimilar to the issue in *Cook*. This is not a case where the agency's rule has limited what the statute mandates; rather, the rule chooses among options afforded by the statute.

Affirmed.

---

[4] DPSST's rulemaking body, the Board of Public Safety Standards and Training, considered the issue the following year and decided as a policy matter that, if an officer is discharged for cause, suspension of the officer's certification should not be an option.