Argued and submitted May 3, 2012, judgment reversed; DMV order suspending
driving privileges affirmed January 16, 2013

In the Matter of the Suspension of the
Driving Privileges of Scott Richard Walker.

Scott Richard WALKER,
*Petitioner-Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
a division of the
Department of Transportation,
*Respondent-Appellant.*

Washington County Circuit Court
C103993CV; A147095

295 P3d 167

Carolyn Alexander, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

John Henry Hingson, III, argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

The Driver and Motor Vehicle Services Division (DMV) appeals a circuit court judgment that set aside a DMV order that suspended petitioner's driving privileges. Our task on appeal in this case is to review the underlying DMV order to determine whether DMV correctly applied the law and whether the order is supported by substantial evidence. *See* ORS 813.450(4); *Staglin v. DMV*, 227 Or App 240, 242, 205 P3d 90, *rev den*, 346 Or 364 (2009). Because we conclude that DMV did not err in determining that the arresting officer was unable to attend the originally scheduled suspension hearing because of illness, ORS 813.440(1)(d),[1] we affirm DMV's license-suspension order. *See* ORS 813.450(4), (5).

We take the following facts from DMV's order, supplemented by undisputed facts in the record. Petitioner was arrested for driving under the influence of intoxicants, and the arresting officer, Gilderson, served him with a notice of intent to suspend his driving privileges for one year. Petitioner timely requested an administrative hearing to challenge the suspension, ORS 813.410(3), and DMV subpoenaed Gilderson to appear and testify at the hearing. On the morning of the hearing, Gilderson's supervising sergeant submitted a form to DMV that stated that Gilderson was unable to appear at the hearing "due to official duty conflict, illness, or vacation as provided in ORS 813.440(1)(d)." (Capitalization modified.) The sergeant checked a box on the form that indicated that the reason for Gilderson's inability to attend the hearing was "officer illness." DMV rescheduled the suspension hearing, pursuant to ORS 813.440(1)(d), on the basis of officer illness.

"ORS 813.440 requires that a hearing to suspend an individual's driver's license be held according to the time limits in ORS 813.410 unless one of the exceptions in ORS 813.440 applies." *Blaisdell v. MVD*, 145 Or App 468, 471, 929 P2d 1073 (1996). The exception at issue here allows

---

[1] ORS 813.440(1)(d) provides that a suspension hearing may be rescheduled because of the "inability of a subpoenaed police officer to appear due to the officer's illness, vacation or official duty conflicts. * * * A hearing may not be rescheduled more than once for reasons described in this paragraph."

DMV to reschedule a hearing because of the "inability of a subpoenaed police officer to appear due to the officer's illness, vacation or official duty conflicts." ORS 813.440(1)(d).

At the rescheduled hearing, petitioner asked Gilderson when he became ill. Gilderson explained that he had requested that the hearing be rescheduled because he had not felt well enough to drive to the hearing due to his having worked 14 hours straight after fewer than four hours of sleep. He further explained that his request to have the hearing rescheduled was based on exhaustion rather than on an ailment that required him to seek medical treatment.

Petitioner contended that the hearing should not have been rescheduled under ORS 813.440(1)(d) because Gilderson had not been suffering from an illness that would support a postponement under the statute. DMV rejected that contention and issued a final order suspending petitioner's driving privileges. DMV concluded that the hearing had been properly rescheduled due to officer illness, explaining that Gilderson had been suffering from extreme exhaustion, which caused him to be in an impaired and unhealthy condition. DMV further explained that Gilderson had been physically unable to appear at the originally scheduled hearing because of his impaired condition. As an alternative basis for its decision, DMV also concluded that the hearing had properly been rescheduled as a result of an "official duty conflict," specifically a duty-related physical incapacity.

Petitioner sought circuit court review of DMV's order, ORS 813.410(8), and the circuit court entered a judgment that set the order aside, concluding that Gilderson had not been suffering from an illness. DMV now appeals, ORS 813.450(3), contending that it properly rescheduled petitioner's suspension hearing because Gilderson had been unable to attend it due to illness or, in the alternative, due to a duty-related physical incapacity.

Petitioner makes two interrelated challenges to DMV's order. He contends that DMV erred as a matter of law in concluding that "extreme exhaustion" could constitute

illness for purposes of ORS 813.440(1)(d), and he contends that DMV's order is not supported by substantial evidence. Petitioner's substantial evidence argument is essentially an argument that the record does not contain evidence to support a conclusion that Gilderson was suffering from an illness because the evidence established only that he was exhausted from working 14 hours straight after four hours of sleep. At oral argument before us, petitioner conceded that there was substantial evidence in the record to support DMV's finding that Gilderson was suffering from extreme exhaustion. We agree with that concession and focus, therefore, on whether extreme exhaustion can constitute an illness for purposes of ORS 813.440(1)(d).

The word "illness" is not defined in the statute; accordingly, we look to its ordinary meaning. The ordinary meaning of "illness" is "['an unhealthy condition of the body or mind.']" *Mathel v. Josephine County*, 319 Or 235, 240, 875 P2d 455 (1994) (quoting *Webster's Third New Int'l Dictionary* 1164 (unabridged ed 1993)).

Although petitioner acknowledges that definition of illness, he relies on the definitions of related words to conclude that the word "illness," as used in the statute, should be understood to mean a disease or other condition that requires medical attention. We reject that understanding because nothing in the statute or its legislative history leads us to conclude that the legislature intended illness to be limited to conditions that require medical attention. Rather, in the context in which the word is used in ORS 813.440(1)(d), we conclude that illness is an unhealthy condition of the body or mind that impedes an officer's attendance at a suspension hearing. We further conclude that exhaustion may constitute illness under the statute when, as DMV found here, it causes an officer to believe that he is not well enough to drive to a hearing.

DMV concluded that Gilderson's extreme exhaustion constituted an impaired and unhealthy condition of his body and made him physically unable to appear at the originally scheduled hearing. Thus, DMV concluded that Gilderson was suffering from illness, which is a permissible basis under ORS 813.440(1)(d) to reschedule a suspension

hearing. It follows that the trial court erred in setting aside DMV's order suspending petitioner's driving privileges.

Judgment reversed; DMV order suspending driving privileges affirmed.