Argued and submitted December 6, 2012, reversed March 26, 2014

Brocklen N. JOHNSON,
*Petitioner-Appellant,*

*v.*

DRIVER AND MOTOR VEHICLES
SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent-Respondent.*

Coos County Circuit Court
11CV0577; A150353

322 P3d 1157

John Henry Hingson, III, argued the cause and filed the briefs for appellant.

Rebecca M. Johansen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

ARMSTRONG, P. J.

ARMSTRONG, P. J.

The Driver and Motor Vehicle Services Division of the Oregon Department of Transportation (DMV) suspended petitioner's driver's license after he refused to submit to a breath test when he was arrested for driving under the influence of intoxicants (DUII). *See* ORS 813.410(1) (requiring DMV to suspend a person's driving privileges if notified by police report under ORS 813.120 of the person's refusal to take breath test unless, after hearing, DMV determines the suspension to be invalid). The circuit court affirmed the final order of suspension issued by an administrative law judge (ALJ), and petitioner appeals that judgment. We conclude that DMV erred in determining that the arresting officer's jury duty was an "official duty conflict" justifying postponement of the suspension hearing under ORS 813.440(1)(d). Accordingly, we reverse petitioner's license suspension. ORS 813.450(4)(a)(A); *Hays v. DMV*, 230 Or App 559, 563, 216 P3d 902 (2009) (reversing suspension of driving privileges, citing principle that, when an administratively imposed penalty is based on a legally unauthorized procedure, the penalty is invalid).

The pertinent facts are not in dispute. Petitioner refused to submit to a breath test after being arrested for DUII; consequently, DMV proposed to suspend his driving privileges. ORS 813.410(1). Petitioner requested an administrative hearing to contest the validity of the proposed suspension, ORS 813.410(3), and the Office of Administrative Hearings (OAH) scheduled a hearing before an ALJ for July 5, 2011. OAH also issued a subpoena to the arresting officer to appear at the hearing.

On June 28, 2011, OAH was notified—via preprinted form—that the officer was unavailable to appear on July 5 due to jury duty in Benton County on that date.[1] An ALJ from OAH subsequently issued an order concluding

---

[1] The preprinted form provides spaces for the reporting agency to indicate the reason for the officer's unavailability; in this case, the space next to the word "COURT" (listed under the category "OFFICIAL DUTY CONFLICT CHECKED BELOW (OAR 735-090-0120)") was checked and, in the place provided for explanation, a handwritten notation provided, "scheduled for jury duty." The form also indicated that the place and time of "COURT" was Benton County Circuit Court on July 5, 2011.

that the officer's inability to attend the hearing was "due to court[,] which constitutes grounds to reschedule under ORS 813.440(1)(d) and OAR 735-090-0120(4)" (footnotes omitted), and ordering that a hearing to determine the validity of the suspension be scheduled "as soon as practicable." The suspension of petitioner's license was rescinded pending the outcome of the rescheduled hearing.

The rescheduled hearing took place on July 14, 2011, before another ALJ. After the hearing, the ALJ issued a final order affirming the suspension of petitioner's license for three years. ORS 813.420(2); ORS 813.430(2). The final order concluded, among other things, that the hearing had been properly reset due to the officer's scheduling conflict. Petitioner sought judicial review in circuit court, ORS 813.410(8), and the court affirmed the suspension. Petitioner appeals that judgment.

We directly review the underlying order to determine whether DMV erroneously interpreted a provision of law and whether the order is supported by substantial evidence. *See* ORS 813.450(4); *Bianco v. DMV*, 257 Or App 446, 448, 307 P3d 470 (2013).

A hearing to determine the validity of a suspension of an individual's driver's license must be held according to the time limits in ORS 813.410 unless one of the exceptions in ORS 813.440 applies.[2] *Walker v. DMV*, 254 Or App 543, 545, 295 P3d 167 (2013); ORS 813.440(1), (2); ORS 813.410(4)(e). The exception at issue in this case appears in ORS 813.440(1)(d), which provides, as relevant:

> "Notwithstanding ORS 813.410, the Department of Transportation may provide a hearing to determine the validity of a suspension under ORS 813.410 only if the time requirements under ORS 813.410 could not be met because of any of the following:
>
> "* * * * *
>
> "(d) The inability of a subpoenaed police officer to appear due to the officer's illness, vacation or *official duty conflicts*. The department shall set forth by rule the conditions that constitute official duty conflicts."

---

[2] For a thorough discussion of the statutory scheme governing implied-consent hearings, see *Bianco*, 257 Or App at 452-56.

(Emphasis added.) In accordance with the directive to the department to specify, by rule, the conditions that constitute "official duty conflicts," the department promulgated OAR 735-090-0120(4). That rule provides:

> "An official duty conflict exists if the subpoenaed police officer is unable to attend the hearing due to any of the following conditions:
>
> "(a)  Community caretaking pursuant to ORS 133.033;
>
> "(b)  Court;
>
> "(c)  Hazardous or impeding travel conditions;
>
> "(d)  Participating in employer approved training;
>
> "(e)  Physical incapacity; or
>
> "(f)  Service in the U.S. Armed Forces, military reserves, National Guard or the organized militia."

As discussed, here, DMV determined that, because the subpoenaed officer was scheduled for jury duty on the same day as the suspension hearing, the hearing was properly rescheduled due to an "official duty conflict," *viz.*, "court."

As both parties recognized at oral argument, the issue on appeal reduces to whether the rule as applied in these circumstances is inconsistent with the statutory meaning of "official duty conflicts" as used in ORS 813.440(1)(d). In other words, we must decide whether DMV erroneously construed "official duty conflicts" to encompass jury duty. *See Coast Security Mortgage Corp. v. Real Estate Agency*, 331 Or 348, 354, 15 P3d 29 (2000) ("This court reviews the agency decision concerning a 'delegative term' to determine whether it is within the range of discretion allowed by the more general policy of the statute."); *Marolla v. DPSST*, 245 Or App 226, 230, 263 P3d 1034 (2011) ("An administrative rule * * * must be consistent with the legislative directive; it exceeds the agency's statutory authority if it 'depart[s] from a legal standard expressed or implied in the particular law being administered, or [if it] contravene[s] some other applicable statute.'" (Quoting *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984); brackets in *Marolla*.)). We conclude that it did.

Petitioner's argument reduces to the proposition that the legislature intended "official duty conflicts" under ORS 813.440(1)(d) to be limited to circumstances in which the officer is "conducting business as a police officer." We examine the applicable statutory wording in context to determine the legislature's intent. *Bergerson v. Salem-Keizer School District*, 341 Or 401, 413, 144 P3d 918 (2006) ("Determining the general policy of a statute is a matter of statutory construction * * *.").

The plain meaning of the text of subsection (1)(d) tends to support petitioner's proposed construction. "Official duty" is an adjective phrase modifying the noun "conflicts." The adjective "official" means "belonging or relating to an office, position, or trust : connected with holding an office <~duties>." *Webster's Third New Int'l Dictionary* 1567 (unabridged ed 2002). "Duty" refers to "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." *Id.* at 705. Finally, "conflict" means "clash, competition, or mutual interference of opposing or incompatible forces or qualities (as ideas, interests, wills)." *Id.* at 476-77. Thus, "official duty conflicts" are clashes resulting from obligatory tasks connected with holding the position of a police officer. It follows that an official duty conflict as used in ORS 813.440(1)(d) is an obligatory task connected with the position of police officer that prevents the officer from appearing at the hearing.

DMV argues, however, that "official duty conflicts" may also be understood to mean "a condition that creates a legitimate conflict with the officer's 'official duty' to attend the hearing" and, because that is a reasonable interpretation of the statute, including jury duty in the meaning of "official duty conflicts" does not exceed the legislative directive expressed in ORS 813.440(1)(d). In other words, in DMV's view, "official duty conflicts" can be understood to include any conflict—whether or not related to the officer's employment or duties as a police officer—that, by rule, DMV decides reasonably conflicts with the officer's "official duty" to attend a license-suspension hearing.

We disagree. As discussed, ORS 813.440(1) sets forth valid reasons for DMV to postpone a license-suspension hearing ("Notwithstanding ORS 813.410, [DMV] may

provide a hearing to determine the validity of a suspension under ORS 813.410 only if the time requirements under ORS 813.410 could not be met because of any of the following:"). Paragraph (d) then lists one of those reasons as "[t]he *inability of a subpoenaed police officer to appear* [at the suspension hearing] due to the officer's illness, vacation or official duty conflicts." (Emphasis added.) If, as DMV contends, "official duty" refers to the duty to appear at the hearing, then the statute becomes circular, *viz.*, the hearing may be postponed if the officer is unable to appear at the hearing due to a conflict that prevents him from appearing at the hearing. As explained above, the grammatical structure of the sentence demonstrates that the phrase "official duty" modifies the noun "conflicts"; DMV's reading rejects that view and proposes, instead, that "official duty" simply reiterates the subject of the exception—that is, the officer's inability to appear at the hearing. That reading however, renders the words "official duty" redundant. As a matter of statutory construction, we assume that the legislature does not intend any portion of an enactment to be "meaningless surplusage." *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005).

Furthermore, under DMV's proposed interpretation of "official duty conflicts," the words "illness" and "vacation" are also superfluous. The statute is written in the disjunctive—*viz.*, "illness, vacation or official duty conflicts"—demonstrating that the legislature intended that any of the three categories would constitute a valid reason to reschedule a hearing. If, instead, the legislature intended "official duty conflicts" to encompass any circumstance that, in DMV's view, reasonably interferes with an officer's ability to attend the hearing, then the first two listed categories would be subsumed within the third and, therefore, unnecessary verbiage. Again, we are obliged, if possible, to construe a statute so as to give effect to all relevant provisions. ORS 174.010; *State v. Mayes*, 220 Or App 385, 389, 186 P3d 392 (2008). In short, DMV's interpretation of "official duty conflicts" is not a plausible reading of the text of the statute in context.[3]

---

[3] The parties do not provide any legislative history regarding the original enactment of the "official duty conflicts" exception in ORS 813.440(1)(d). Or Laws

We also note that we have previously rejected DMV's proposed reading of "official duty conflicts." In *Blaisdell v. MVD*, 145 Or App 468, 472, 929 P2d 1073 (1996), the Motor Vehicle Division (MVD) urged us to construe "official duty conflicts" "to mean that the hearing is the official duty, and the conflict is anything that reasonably prevents the officer from complying with that duty." In that case, the officer did not appear at the suspension hearing because "his [private] vehicle had seized up and would not run." *Id.* at 470 (internal quotations marks and brackets omitted). MVD determined that that circumstance constituted an official duty conflict under its rule, OAR 735-90-120(4) (Nov 4, 1993), which justified postponement of the hearing. *Id.* at 470-72.

Because MVD's rule at that time simply provided a nonexclusive list of examples of official duty conflicts, it was necessary for us to resolve the case by determining the common characteristics of those examples, which then became the characteristics "constitut[ing] official duty conflicts" under the rule. *Id.* at 472. Although one of those examples—"[i]nclement travel conditions"—supported MVD's construction of official duty conflicts, the others, for example, "physical incapacity resulting from the performance of duties as a police officer," were explicitly inconsistent with that understanding. *Id.* at 472-73. As we explained regarding that particular example, "If the rule were intended to work the way MVD claims that it does"—that is, to "cover *any* incapacitating ailment suffered by the officer," then the limitation contained in the rule—"resulting from the

1993, ch 600, § 2. That omission is ultimately of no import in this case because our analysis of the text and context of the provision is dispositive. *See State v. Gaines*, 346 Or 160, 173, 206 P3d 1042 (2009) ("When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different."); *State v. Kelly*, 229 Or App 461, 466, 211 P3d 932, *rev den*, 347 Or 446 (2009) ("In some cases, the legislative history—however clearly it may express the legislature's intentions—is worth precisely nothing, because the text of the statute is capable of one, and only one, reasonable construction.").

The parties do provide some very brief excerpts of the legislative history surrounding the 1999 amendment to ORS 813.440(1)(d). That amendment added the words "illness" and "vacation" to the first sentence of the subsection to read (as in its current form): "The inability of a subpoenaed police officer to appear due to the officer's illness, vacation or official duty conflicts." Or Laws 1999, ch 831, § 1. We note that that change, and the accompanying legislative history proffered by the parties, appear to support our construction of the statute.

performance of duties as a police officer," would be super-fluous. *Id.* at 473. (Emphasis in original.) We thus rejected MVD's interpretation of its rule to include the officer's car problems, concluding that "the examples [in the rule] cannot be reconciled with MVD's understanding except by strip-ping them of any meaningful content." *Id.* at 474. Although the usefulness of the *Blaisdell* analysis to this case is limited—among other things, as DMV points out, the rule has since been amended so that it now contains an exclusive list of specific conditions that constitute official duty con-flicts, *see* 261 Or App at 644—the ultimate flaw in DMV's analysis is similar: If "official duty conflicts" has the mean-ing that DMV ascribes to it, then the other categories listed in the statute—illness and vacation—become devoid of any meaningful content.[4]

DMV also argues, alternatively, that jury duty qualifies as an "official duty" of the officer and, thus, DMV acted consistently with ORS 813.440(1)(d) in concluding that "official duty conflicts" includes jury duty. In support of that argument, DMV argues only that jury duty "is a public obligation of every citizen," compliance of which is "even more important" given a police officer's status as a law enforcement officer. DMV does not argue, nor is there any evidence in the record indicating, that jury service was an obligation of petitioner's *position as a police officer.* Although we can envision that there may be circumstances in which jury service is an obligation of a person's employ-ment, in the absence of any evidence in the record to that effect in this case, we reject DMV's argument without fur-ther discussion.

In summary, we conclude that DMV erred in con-cluding that, because the arresting officer was called for jury duty on the day of the originally scheduled suspension hear-ing, the hearing was properly postponed due to an "official duty conflict" under ORS 813.440(1)(d). Accordingly, we set

---

[4] DMV argues that its subsequent amendment of the rule "demonstrates its intent to define official duty conflict more expansively than the *Blaisdell* court did." That may well be, but it is beside the point. The question is whether DMV's "expansive" definition of official duty conflict as applied here exceeds the scope of the legislative directive. We conclude that it does.

aside petitioner's license suspension. ORS 813.450(4)(a)(A); *Hays*, 230 Or App at 563.

Reversed.